UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARNELL W. MOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-03640 (UNA) |
| JAMES C. DUFF, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this matter on December 4, 2023. Upon review, on December 14, 2023, the court found that the sparse complaint failed to meet the pleading requirements of Federal Rule 8(a). *See* Order, ECF No. 3. The court thus provided plaintiff with an opportunity to, within 30 days, file a cognizable amended complaint. *See id*. at 2.

On December 31, 2023, in response to the court's order, plaintiff filed an amended complaint, ECF No. 5, with an accompanying "statement of claim," ("Am. Compl. Stmt."), ECF No. 5-2. The amended complaint is convoluted, at best, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Plaintiff, a resident of Farmington, Missouri, sues the United States, the Administrative Office of the United States Courts ("AO"), the current AO Director, and a former AO Director, for damages and equitable relief. *See* Am. Compl. Stmt. ¶¶ 1–6, 19. His real grievance, however, is not with the named defendants, but rather, with the United States probation officers who are currently overseeing his supervised release related to a criminal sentence entered by the United States District Court for the Eastern District of Missouri. *See id*. ¶¶ 7, 10, 12. Plaintiff would like

to sue these probation officers under the Federal Tort Claims Act ("FTCA") for alleged tortious actions taken against him, *see id*.¶¶ 7, 10, 12, p. 10, but he contends that he has no way of doing so because "there has never been a procedure for filing a tort claim against a member of the judiciary," *id.* ¶ 10.  Consequently, he argues that defendants have fallen short of their responsibility to provide a means to "investigate [] and adjudicate claims against federal judiciary personnel." *See id*. ¶ 11.

Plaintiff, however, is mistaken. Although ". . . the FTCA does not create a statutory cause of action against individual government employees[,]" a plaintiff "may sue the United States in federal court for [certain] state-law torts committed by government employees within the scope of their employment." *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008); *see* 28 U.S.C. §§ 1346(b)(1), 2679(a), (d)(1).  Therefore, plaintiff may indeed pursue tort claims against the United States for the alleged actions of the probation officers, within the scope of their federal employment, *see id*.; *Stoddard v. U.S. Parole Com'n*, 900 F. Supp. 2d 38, 41 (D.D.C. 2012), a fact which plaintiff seems to acknowledge, *see* Am. Compl. Stmt. ¶ 7.  Plaintiff can begin this claim process by filing an a "SF–95 form," or a similarly competent sum-certain administrative complaint, with the AO.  *See* 28 CFR 14.2; *Hall v. Admin. Office of the U.S. Courts*, 496 F. Supp. 2d 203, 205–07 (D.D.C. 2007); *Davidson v. Mehrotra*, No. 18-2062, 2019 WL 3458482, at *3 (D.D.C. July 31, 2019); *Nickey v. Caso*, No. 02 CV 2177, 2004 WL 3072548, at *6 (E.D.N.Y. Dec. 14, 2004); *see also* 28 U.S.C. § § 2675.  Upon completion of the administrative exhaustion process, *see* 28 U.S.C. § 2675; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993), if plaintiff so chooses, he may file timely suit against the United States for the probation officers' alleged actions, but he must do so in the Eastern District of Missouri, not in this District, *see* 28 U.S.C. § 1402(b).

For these reasons, the amended complaint, and this case, are dismissed without prejudice for failure to state a claim upon which relief may be granted. An order consistent with this memorandum opinion is issued separately.

DATE: January 26, 2024                              /s/ CHRISTOPHER R. COOPER
                                                          United States District Judge